UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LINDA GILMER,<br><br>    Plaintiff,<br><br>v.<br><br>TRANSIT MUTUAL INSURANCE CORP.–WI,<br><br>    Defendant. | Case No. 25-CV-1858-JPS<br><br>**ORDER** |

In November 2025, Plaintiff Linda Gilmer ("Plaintiff"), proceeding pro se, sued Defendant Transit Mutual Insurance Corp.—WI ("Defendant") for alleged negligence in responding to her injuries and subsequent refusal to compensate her for her injuries. ECF No. 1. Plaintiff additionally filed a motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court screened Plaintiff's complaint in January 2026, granting her leave to amend her complaint to cure certain deficiencies. ECF No. 4. The Court further deferred ruling on Plaintiff's motion to proceed in forma pauperis. *Id.* at 3.

In its screening order, the Court warned Plaintiff that failure to timely file an amended complaint would result in dismissal of this action for failure to prosecute without further notice. *Id.* at 7–8. The Court ordered Plaintiff to file her amended complaint by February 6, 2026. *Id.* The Court mailed that order to Plaintiff at her address of record. *Id.*, Docket Annotation. Plaintiff has not filed an amended complaint, nor anything further, in this case.

"A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153,

157 (7th Cir. 1996). "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice." Civ. L.R. 41(c). The Court may do so sua sponte. *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[D]istrict courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) and *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000))).

Because Plaintiff failed to comply with the Court's January 7, 2026 order to file an amended complaint by February 6, 2026, the Court will dismiss this action without prejudice. Because this action is dismissed without prejudice, Plaintiff's motion to proceed in forma pauperis, ECF No. 2, will be denied as moot.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Linda Gilmer's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2026.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 2 of 3
Case 2:25-cv-01858-JPS   Filed 02/26/26   Page 2 of 3   Document 5

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.